```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| JOHN IVAN OLMO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION ) NO. 14-13434-WGY |
| STEVEN NARKER, et al., | ) ) |
| Defendants. | ) ) |

MEMORANDUM AND ORDER

YOUNG, D.J.                                            October 21, 2014

For the reasons set forth below, the Court denies without prejudice the plaintiff's motions for counsel and for leave to proceed in forma pauperis and directs the plaintiff to file an amended complaint.

I. **Background**

On September 5, 2014, John Ivan Olmo, a self-described homeless resident of Waltham, Massachusetts, filed a pro se complaint and motions for counsel and for leave to proceed in forma pauperis.

The complaint is impossible to understand and, as best can be gleaned from the allegations, it appears that it has something to do with certain alleged financial improprieties. The complaint consists of seven separately signed documents; each lacking a decipherable narrative. For example, the first document, begins "1. Whereby Mr. John Ivan Olmo was the only person who did not receive a return e-mails no phone calls from Steven Narker, Judy Lee, Luz Maria Olmo, David Olmo, Michael D.

Nieves, Peter K. Chin, Nelly Rosario, Evelyn Colon, Luz 'Cuchie' Fernandez, Erica Colon etc. et. al." See Complaint ("Compl."), ¶ 1.

**II. Discussion**

**A. Motion for Leave to Proceed In Forma Pauperis**

A litigant filing a complaint in this court must either (1) pay the $350.00 filing fee and the $50.00 administrative fee, see 28 U.S.C. § 1914(a); or (2) seek leave to proceed without prepayment of the filing fee, see 28 U.S.C. § 1915 (proceedings in forma pauperis).

Olmo states that he is homeless and it appears that he is without means to pay the filing fee. See Docket No. 2. However, the motion is incomplete because Olmo failed to answer Question 4 concerning the amount of money that he has in cash or in a checking or savings account. Id. at ¶ 4. Because the Application is incomplete, the Court cannot conclusively determine whether Olmo is indigent within the meaning of the in forma pauperis statute. However, he will be provided with an opportunity to file a complete motion to proceed in forma pauperis.

**B. Plaintiff's Complaint is Subject to Dismissal**

Plaintiff's complaint fails to state a claim upon which relief may be granted because the complaint does not meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

A complaint must include "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).

Here, without detailing each and every pleading deficiency in the complaint, the Court finds that Olmo's complaint lacks the "who, what, when, where, and why" information necessary to set forth a cognizable claim as to each defendant separately. The complaint does not comply with the "short and plain" requirement of Rule 8(a) because it is incomprehensible. The most the court can glean from the complaint is that he believes that he is entitled to certain settlement funds that were allegedly secured by a lawyer who placed his money in an investment club managed by a law firm with personal ties to several New York elected officials. Missing from the complaint is any decipherable articulation of what happened to whom, when, and where and the manner in which the alleged misconduct violated his rights. The defendants would be completely unable to submit a meaningful

response to this complaint because it does not give them any notice of the claims against them. Further, because the complaint is unintelligible, the Court cannot reasonably infer therefrom that the defendants engaged in any misconduct.

If the plaintiff wishes to pursue this action, he must file an amended complaint which meets the requirements of Rule 8(a), including the requirement that the pleading be "short and plaint." The plaintiff must clearly state what each defendant allegedly did and he must identify the causes of action she is bringing against each defendant. The claims in a complaint must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Further, where a plaintiff brings claims against more than one defendant in a single lawsuit, the claims must be limited to those "arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Finally, the Court's Local Rules mandate that typed complaints be double-spaced (except for the identification of counsel, title of the case, footnotes, quotations and exhibits). See Local Rule 5.1(a)(2).

In light of the pleading deficiencies, Olmo is directed to file an "Amended Complaint" within 35 days of the date of this Memorandum and Order.

**C. Petition for Law Magistrate Review & Pro Bono Appointment**

Under 28 U.S.C. § 1915(e)(1), the court "may request an attorney to represent any person unable to afford counsel." 28

U.S.C. § 1915(e)(1). In order to qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *Id.*

At this juncture, Olmo has not been granted leave to proceed in forma pauperis. Accordingly, plaintiff's motion is denied without prejudice.

## ORDER

Accordingly:

1. The motion (#2) for leave to proceed in forma pauperis is DENIED without prejudice.

2. The petition (#3) for law magistrate review and pro bono appointment is DENIED without prejudice.

3. If the plaintiff wishes to pursue this action, he must, within 35 days of the date of this Memorandum and Order, file (1) either payment of the $400 filing and administrative fees or file a complete Application to Proceed in District Court Without Prepaying Fees or Costs and (2) file an amended complaint. Failure to do so will result in dismissal of this action without prejudice.

SO ORDERED.

                                         /s/ William G. Young
                                         WILLIAM G. YOUNG
                                         UNITED STATES DISTRICT JUDGE