UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN IVAN OLMO,                  ) | |
|                                  ) | |
| Plaintiff,                       ) | |
|                                  ) | |
| v.                               ) | CIVIL ACTION |
|                                  ) | NO. 14-13434-WGY |
| STEVEN NARKER, et al.,           ) | |
|                                  ) | |
| Defendants.                      ) | |

MEMORANDUM AND ORDER

YOUNG, D.J.                                                                July 27, 2015

BACKGROUND

On September 5, 2014, John Ivan Olmo ("Olmo"), a self-described homeless resident of Waltham, Massachusetts, filed a pro se complaint and motions for counsel and for leave to proceed in forma pauperis.  See Docket.  By Memorandum and Order dated October 21, 2014, plaintiff's motions for counsel and to proceed in forma pauperis were denied and plaintiff was advised that his complaint was subject to dismissal for failure to state a claim upon which relief may be granted. See Docket No. 10.

The October Memorandum and Order noted that Olmo believes that he is entitled to certain settlement funds that were allegedly secured by a lawyer who placed his money in an investment club managed by a law firm with personal ties to several elected officials in New York.  The Memorandum and Order advised Olmo that his complaint didn't meet the pleading requirements the Federal Rules of Civil Procedure and that missing from the complaint was any decipherable articulation of what happened to whom, when, and where and the manner in which the alleged misconduct violated his rights.

In light of the pleading deficiencies, the Court advised Olmo in the October 14, 2014 Memorandum and Order that if he wishes to pursue this action, he must file an amended complaint.  Olmo was advised, among other things, that any amended complaint must clearly

state what each defendant allegedly did and must identify the causes of action he is bringing against each defendant.

On November 10, 2014, Olmo's renewed motion for leave to proceed in forma pauperis was allowed.  See Docket No. 17.  Now before the court for screening is his amended complaint.  See Docket No. 20.   Because Olmo is proceeding pro se, the court reads the amended complaint with "an extra degree of solicitude." Rodi v. Ventetuolo, 941 F.2d 22, 23 (1st Cir. 1991); see also Strahan v. Coxe, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe pro se pleadings liberally) (citing Haines v. Kerner, 404 U.S. 519, 520 (1972)).  However, even under a generous reading, this action is subject to dismissal for the reasons which follow.

DISCUSSION

I.    Plaintiff's Amended Complaint

Olmo's amended complaint is a sprawling twenty-five page, somewhat impenetrable, document.  See Am. Compl.   Olmo unsuccessfully sought legal assistance from over twenty legal organizations.  Id. at p. 13.  In the amended complaint, Olmo makes several references to his "Court Appointed Law Office," id. p. 1,  however, this court has not appointed counsel for Mr. Olmo.

The case caption identifies 12 defendants consisting of two attorneys, a major law firm, two members of the New York City Police Department, the City of New York and its former mayor, MASD, NYSD and three individuals.  Id.  The defendants are all located in New York and are alleged to be corrupt politicians, lawyers, law professors, investors, and bureaucrats that conspired to violate plaintiff's rights.  Id.  Plaintiff specifically alleges violations of the U.S. Constitution and 42 U.S.C. § 1985 (conspiracy to interfere with civil rights).  Id. at p. 1.

Olmo alleges due process violations related to "public and non-public personnel who have and are intimate in the Investment practices of Mr. Narker, as his business associates of 2013 and 2014, including the Law Offices of Mr. Ed. Stroock - S&S&L, Wachtell Lipton Rosen & Katz and Mr. Rudy W. Giuliani of Giuliani Associates & Bracewell & Co., a former New

York City Mayor and USAG of interest are entangled in the misfeasance which ..... produced a

violation of [Olmo's] U.S. Constitutional Civil Rights for participational parlance and fraudulent

narrative in remill." Id. at p. 2.

> A Plaintiff alleges that on August 5, 2012, there
>
> commenced a series of legal transactions for the benefit of John Ivan Olmo from Wchtell Lipton Rosen & Katz after a NYC City Councilmember Christy M. Quinn's election lawyer Jerry H. Goldfeder colluded to "dismemberment" of a project that had national domestic implication. the lawyer of Stroock, Stroock Lavan - S&S&L herein, made an admission of "wrong doing' and $1 million was raised with additional $10 million for benefit of John Ivan Olmo and deposited by Mr. Narker no later than 10/15/2012; this was done so by Mr. Steve Narker a former EVP of Merrill Lynch. The money for the expressed wrong doing was deposited in [plaintiff's] name and was never remitted to [him] after phone calling and e-mailing Mr. Narker who represented [plaintiff] and as his investment partner who was also present at the transactions of August through September 2012.

Am. Compl., pp 11-12.

Plaintiff's amended complaint, as did his original complaint, describes an alleged

"pyramid investment scheme . . . . [where] . . profits increased dramatically as a result of the

initial base investment which is [Olmo's] settlment money; again, **the money (compensation)**

**received from the Aug-Sept 2012 'hearings'**that which consummated an admission of 'fault

and liability' by the NYC based Election Lawyer who worked under Mr. Bob Abrams a former

AG in 2012." Id. at p. 12.

Olmo explains that the settlement money is his "personal 'next egg' for future endeavor

and as a result of these acts [he has] become impoverished and homeless, while high mark-ups

were also adduced as 'fees' and the inter-locking pyramid utilized by [defendants] has been

assessed as a fraudulent strategy as securities were 'drained' ov value and placed further out on

the yield curve and 'swapped' at least once in 2013 for less attractive small cap. offerings

possible a RIMES investment mechanism." Id. at p. 14.

II.     The Amended Complaint Fails to State a Conspiracy Claim

Despite the directive from this Court in its October 21, 2014 Memorandum and Order,

the amended complaint has not begun to conform to the directives of Federal Rule of Civil

Procedure 8(a).

Olmo complains of a conspiracy to violate his constitutional rights.  See Am. Compl., pp 1, 3.  He alleges that the defendants violated his 1st, 4th, 5th, 6th, 7th, 10th and 14th Amendment rights.  Id. at p. 4.  Such civil rights conspiracy claims arise under 42 U.S.C. § 1983.  Sanchez v. Pereira–Castillo, 590 F.3d 31, 41 (1st Cir. 2009) (Section 1983 requires three elements for liability: deprivation of a right, a causal connection between the actor and the deprivation, and state action).  Olmo identifies a second legal basis for the conspiracy allegations as 42 U.S.C. § 1985, which creates a civil cause of action for conspiracy to interfere with civil rights.  Section 1985(1) deals with conspiracies to prevent persons from holding office or performing duties of a public office.  Section 1985(2) pertains to conspiracies to obstruct justice or to interfere with witnesses.  Section 1985(3) deals with conspiracies intended to deprive an individual or class of persons of protected rights based on "some racial, or perhaps otherwise class-based, invidiously discriminatory animus."  Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

To survive a motion to dismiss for failure to state a claim, a plaintiff must set forth more than just conclusory allegations of an agreement. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1965-66 (holding in the context of an antitrust claim that "stating a [conspiracy] claim requires a complaint with enough factual matter (taken as true) to suggest that an agreement was made," and noting that "a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.").  "[F]actual allegations" must be separated from "conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely a conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir.2013) (internal quotations omitted).  This highly deferential standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992).  Dismissal for failure to state a claim is

4

appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir. 2005) (quoting Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997)).

Stating a claim under Section 1983 requires plausible allegations of an agreement among the conspirators to violate a plaintiff's rights (or factual allegations that allow the reasonable inference of such an agreement). See LeBaron v. Spencer, 527 Fed.Appx. 25, 33 (1st Cir. 2013); Williams v. City of Boston, 771 F.Supp.2d 190, 204 (D. Mass. 2011) . Further, "allegations of conspiracy must ... be supported by material facts, not merely conclusory statements" and such claims of conspiracy are subject to dismissal where the allegations "neither elaborate [ ] nor substantiate[ ][the] bald claims that certain defendants 'conspired' with one another." Slotnick v. Garfinkle, 632 F.2d 163, 165–66 (1st Cir.1980) (per curiam). Apart from bald assertions, the amended complaint fails to allege any agreement by defendants to violate plaintiff's rights, nor do those assertions allow the reasonable inference of such an agreement.

As to Section 1985, Omo has not alleged that the deprivation of a constitutionally protected right or privilege was propelled by his membership in a class. While he asserts political motives at various points in the amended complaint, he does not point to a particular political affiliation targeted by the defendants. More importantly, Olmo has made no allegations which even inferentially indicates that any defendant has conspired against him in order to prevent the holding or performance of duties related to a public office and the allegations concerning a conspiracy to obstruct justice or that defendants were motivated by discriminatory animus are based on conclusory and purely speculative assertions that the defendants entered into a conspiracy.

Although the amended complaint identifies the causes of action, the plaintiff has failed to clearly state what each defendant allegedly did. And though a single allegation of the amended complaint may not "strain credulity" sufficiently to be considered frivolous, Lawler v. Marshall,

898 F.2d 1196, 1198 (6th Cir. 1990), Olmo's amended complaint fails to state an arguable legal claim based on rational facts.  Id.  After carefully reviewing plaintiff's amended complaint, I find that he failed to state a claim upon which relief may be granted.  Here, further leave to amend would be futile.  Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009) (motion for leave to amend "should be granted unless the amendment would be futile or reward undue delay.") citing Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006)).

III.   Certification Under 28 U.S.C. § 1915(a)(3)

Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a) (3), I find, and hereby certify, that any appeal by Olmo of the matters contained in this Memorandum and Order would not be taken in good faith.  Such a certification prohibits in forma pauperis status on appeal even though Olmo has been found to be indigent.

Under 28 U.S.C. § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Id. Similarly, under Fed. R. App. P. 24(a)(3)(A), a party who has been permitted to proceed in forma pauperis in the district-court action, or who has been determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization unless the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding. Id.

Based on Olmo's failure to state a cognizable claim, any appeal by Olmo of this matter would not be taken in good faith.

**ORDER**

ACCORDINGLY, in accordance with this Court's order dated October 21, 2014, it is ORDERED that the amended complaint is DISMISSED  pursuant to 28 U.S.C. § 1915(e)(2) for the reasons stated above.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any

appeal would not be taken in good faith.

SO ORDERED.

        /s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE